FILED
CLERK, U.S. DISTRICT COURT

FEB - 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC ACQUISITIONS,<br><br>    Plaintiff,<br><br>  v.<br><br>DEBORAH LAMB,<br>AND DOES 1 THROUGH 10,<br><br>    Defendants. | NO. CV 14-457-UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING**<br><br>**IMPROPERLY-REMOVED ACTION** |

  The Court summarily remands this unlawful detainer action to state court summarily because defendant DEBORAH LAMB ("Defendant") removed it improperly.

  On January 21, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the

Court issues this Order to remand the action to state court.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58, 65 (1987). Under 28 U.S.C. § 1332(a), "district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." See also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant's notice of removal asserts that "this court has original Federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331" which provides that "district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." Defendant

claims that the state action arises under the Fourteenth Amendment of the Constitution of the United States." (Notice at 2).

However, there is no federal question apparent on the complaint, which alleges only an unlawful detainer cause of action. See Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing Wescom Credit Union v. Dudley, No. CV 10-8203-GAF (SSx), 2010 WL4916578, *2 (C.D. Cal. Nov. 22, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). The complaint does not raise any federal legal question. Nor does it appear that federal law is a necessary element of any of plaintiff's claims. Moreover, defendant does not allege that complete diversity of citizenship exists between the parties and does not address, much less satisfy, the requirement that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Accordingly, the Court lacks subject matter jurisdiction over the instant action and removal of this action is improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005).

3

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County Of Los Angeles, 111 N. Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/30/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE